, In re NICOL et al.

(District Court, W. D. New York. February 2, 1915.)

BANKRUPTCY ⬤⟞345—PAYMENT OF CLAIMS—PRIORITIES—SHIPMENT OF GOODS AFTER BANKRUPTCY.

Though a seller of goods, title to which passed to the buyer before he became bankrupt, might have refused to ship the goods, or having shipped them, might have resorted to stoppage in transitu, or reclaimed them from the receiver or trustee, where he availed himself of none of these remedies, but shipped the goods after a trustee was selected, and they were accepted by the trustee, the seller was not entitled to full payment of the purchase price, especially as he was charged with constructive notice of the bankruptcy and the election of a trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. ⬤⟞345.]

In Bankruptcy. In the matter of Charles A. Nicol and another, individually and as copartners, doing business as the American Candy Stores Company, bankrupts. On review of an order of the referee, refusing full payment of a claim. Affirmed.

George B. Draper, of Rochester, N. Y., for trustee.

Isaac Adler and Joseph L. Humphrey, both of Rochester, N. Y., for petitioning creditor.

HAZEL, District Judge. The question certified for review, and answered in the negative, reads as follows:

"Is the petitioner, Solomon Thanhauser, from whom merchandise was ordered before the filing of the petition in bankruptcy in the above-entitled matter, which goods were thereafter shipped and delivered by the railroad company to and accepted by the trustee herein, entitled to an order directing the said trustee to pay the full purchase price of said merchandise?"

I have somewhat reluctantly reached the conclusion that the petitioning creditor is estopped to claim full payment for the merchandise in question. The petition in bankruptcy was filed August 29, 1913, the adjudication was had September 29, 1913, and on November 10th of the same year the merchandise was shipped in compliance with an order given by the bankrupt prior to his bankruptcy. Although the trustee accepted the goods which came into his possession subsequent to the time of his appointment, the bankrupt estate should not now be held liable for their full value.

The petitioning creditor contends that under section 70a, subd. 5, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 565 [Comp. St. 1913, § 9654]), the trustee was not vested with the title to the

merchandise, as it was not property which could have been transferred by the bankrupt or levied upon or sold under judicial process against him prior to the filing of the petition. But the contract of sale was complete, I think, before the actual delivery of the goods; title having passed to the bankrupt estate. The agreement of purchase related to specific property, and the bankrupt became bound to pay the purchase price at the time of ordering the goods. In re Woods Machine Company, Fed. Cas. No. 17,980.

There is no doubt in my mind that, in view of the intervention of bankruptcy, the petitioning creditor could legally have refused to ship the goods, or, having shipped them, without being actually apprised of the bankruptcy or insolvency of the bankrupt, could have resorted to stoppage in transitu, or could have reclaimed them from the receiver or trustee after delivery; but he did not avail himself of these remedies, and it is now too late to afford him relief. Furthermore, he had constructive notice of bankruptcy, the filing of the petition being caveat to all the world; but he nevertheless shipped the goods to the bankrupt, even after the election of a trustee, of which he is also presumed to have had notice. It often happens that goods are delivered to a bankrupt after the petition in bankruptcy has been filed, without the seller having knowledge of such petition, and to require full payment in such cases by the receiver or trustee who received the goods would operate as a preference, and in many instances might appreciably decrease the assets. See Collier on Bankruptcy (9th Ed.) p. 1023.

An order of affirmance of the decision of the referee may be entered.